IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ADAN SANCHEZ | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO:_____ |
| | § | |
| UNIVERSAL MUSIC GROUP, INC. | § | |
| D/B/A FONOVISA | § | |
| Defendant. | § | JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, Adan Sanchez complains of Universal Music Group, Inc. d/b/a Fonovisa, Defendant, and for cause of action shows the following:

**I.
PARTIES**

1.  Plaintiff, Adan Sanchez, is an individual residing in Harris County, Texas.

2.  Defendant, UNIVERSAL MUSIC GROUP, INC. d/b/a is a corporation with its principal offices in Santa Monica, California and in New York, New York. Defendant is a non-resident who engages in business in Texas but does not maintain a regular place of business or a designated agent for service of process in Texas. Pursuant to Tex. Civ. Prac. Rem. Code §17.044(b), Defendant may be cited by serving the Secretary of State of Texas, provided that the Secretary of State shall immediately mail a copy of the process by certified mail, return receipt requested, to Defendant's Chairman and Chief Executive Officer, Douglas Morris, 1755 Broadway, New York, New York 10019.

3. Whenever in this petition it is alleged that a certain Defendant did or failed to do any act or thing, it is meant that said Defendant performed or failed to perform, or that said Defendant was responsible for such act or thing, or that such action was performed by the partners, officers, agents, representatives or employees, in the normal and routine course and scope of their employment, authority or agency for said Defendant, and that such acts were pursuant to a common scheme, design and conspiracy by Defendant and others acting on their behalf with the full knowledge, authority and ratification of said Defendant to engage in the facts and perpetrate the omissions hereinafter alleged. Defendant benefitted from the infringements of others, including affiliates, subsidiaries and others with whom it contracted.

## II.
## JURISDICTION AND VENUE

4. Jurisdiction is proper because the action arises under the Copyright Act, Title 17 of the United States Code. 17 U.S.C. §101 et seq. This Court is vested with jurisdiction pursuant to Section 1338 of Title 28 of the United States Code. 28 U.S.C. §1338. This Court has inherent power to hear related causes of action arising under state law. 28 U.S.C. §1367(a).

5. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. §1391, as Defendant currently conducts business within the State of Texas and within this District. Further, a substantial part of the events or omissions giving rise to the claimed causes of action occurred in this District, and Defendant is, thus, amendable to personal jurisdiction in this District at this time. 28 U.S.C. §1391.

## III.
## FACTS APPLICABLE TO ALL COUNTS

7. Plaintiff, Adan Sanchez, is the author and composer of the musical composition titled *La Prieta Casada* (the "Work"). Defendant and parties with whom it has relationships exploited and/or benefitted from the Work in various recordings and other materials which have been published and released by Defendant over the years. This exploitation was done without proper license or without compliance with licenses, if any. No accounting or payment has been made to Plaintiff for the profits derived from the copying manufacturing and distribution of the Work. Nevertheless, Defendant knowingly proceeded to receive revenue from numerous sources yet failed and refused to remit same to Plaintiff.

## IV.
## CAUSES OF ACTION

### A. COPYRIGHT INFRINGEMENT

8. Plaintiff hereby adopts and realleges each and every statement of the Facts Applicable to All Counts as well as the allegations made in all other parts of this pleading.

9. Plaintiff's Work, *La Prieta Casada*, was and is copyrightable under the laws of the United States. Further, Plaintiff has complied with the statutory registration and deposit requirements of the Federal Copyright Act of 1976 as to the Work at issue herein. Plaintiff is the owner of the copyright[s] for the musical compositions, *La Prieta Casada*.

10. Upon information and belief, Defendant willfully and intentionally used and continued to use the Work without obtaining the appropriate licenses from Plaintiff. Plaintiff never executed a written assignment of his copyright or ownership in the Work.

11. Upon information and belief, after the creation of the Work, and continuing to the present, Defendant has infringed and continues to infringe upon Plaintiff's common law and statutory copyright[s]. Plaintiff contests any and all SR, PA and VA copyrights claimed by Defendant of Plaintiff's Work as well as other works embodying the Work, as well as any claim by Defendant in or to the name, image and likenesses of Plaintiff's name. Plaintiff seeks a finding that Plaintiff is the said owner of said copyrights.

### B. DECLARATORY JUDGMENT

12. Plaintiff hereby adopts and realleges each and every paragraph of the Facts Applicable to All Counts as well as the allegations made in all other parts of this pleading.

13. Plaintiff requests that the Court declare that:

   a. Plaintiff is entitled to an accounting for all revenue and profits which Defendant has received from all sources which it has not remitted to Plaintiff;

   b. Defendant is not entitled to possess or exploit any of Plaintiff's Works or Plaintiff's name, images or likenesses; and

   c. Plaintiff is the owner of, and is entitled to possess and control, all rights in all sound recordings, VA's and PA's in the Work.

### C. MISAPPROPRIATION OF NAME, IMAGE AND LIKENESS

14. Plaintiffs hereby adopt and reallege each and every paragraph of the Facts Applicable to All Counts as well as the allegations made in all other parts of this pleading.

15. Defendant has exploited the name, images and likeness of Plaintiff without express written permission.

16. Plaintiff seeks all of the infringer's profits, and Plaintiff's damages and losses related to this unauthorized conduct.

## V.
## ATTORNEYS' FEES

17. Plaintiff seeks an award of reasonable and necessary attorneys' fees. Such an award would be equitable and is authorized by state and federal law including 17 U.S.C. §505.

## VI.
## DAMAGES AND REMEDIES

18. As a direct, producing and proximate cause the acts and omissions of Defendant, Plaintiff has suffered losses and damages. Plaintiff seeks the destruction of all products and copies embodying the Work in addition to an award of fees, costs, profits of Defendant, Plaintiff's damages and the disgorgement of all revenue received by Defendant. Plaintiff seeks a recovery for any and all unauthorized use of his name, likeness and image.

19. In addition to the foregoing remedies, Plaintiff seeks an Order requiring Defendant to return to Plaintiff all products embodying Plaintiff's Work and to refrain from representing to any persons that Defendant has any right or interest in such Work and/or that Defendant has any authority to represent or act on behalf of Plaintiff.

20. Plaintiff further requests that the Court declare the rights and obligations of the parties in respect of the Work.

21. Plaintiff seeks statutory damages for Defendants' copyright infringement as provided by 17 U.S.C. §504(c), amended by the "Digital Theft Deterrence and Copyright Damages Improvement Act of 1999."

22.     Further, Plaintiff seeks an increase in statutory damages for Defendants' willful infringement, provided in 17 U.S.C. §504(c)(2), amended by the "Digital Theft Deterrence and Copyright Damages Improvement Act of 1999."

23.     Defendants have acted with conscious indifference and a total disregard for the rights of Plaintiff.

24.     Plaintiff seeks a recovery of all court costs.

25.     Plaintiff seeks a recovery of reasonable costs and attorneys' fees provided by 17 U.S.C. §505 and in connection with Plaintiff's request for declaratory relief.

## VII.
## DEMAND FOR A JURY TRIAL

26.     Plaintiff hereby demands a jury trial.

## VIII.
## PRAYER

WHEREFORE, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial, Plaintiff has:

1.  Judgment against Defendant for all actual damages as alleged by Plaintiff;

2.  That Plaintiff recovers the amount of Defendant's profits attributable to the infringement or, in the alternative, for statutory damages as authorized by 17 U.S.C.A. §504(c), amended by the "Digital Theft Deterrence and Copyright Damages Improvement Act of 1999;"

3.  That Defendant pay Plaintiff additional damages for willfully infringing Plaintiff's copyright, as authorized by 17 U.S.C. §504(c)(2), amended by the "Digital Theft Deterrence and Copyright Damages Improvement Act of 1999;"

4.  A declaration that the Defendant have no rights in and to any of Plaintiff's Work, that Defendant must return same to Plaintiff and that Defendant has no right to exploit Plaintiff's name, images or likeness;

5.  Reasonable and necessary attorneys' fees with conditional sums for the service of Plaintiff's attorney in the event of subsequent appeals, which include the following:

    a.  Preparation and trial legal services;

    b.  Post-trial, pre-appeal legal services;

    c.  An appeal to the Fifth Circuit Court of Appeals; and

    d.  An appeal to the United States Supreme Court.

6.  Post-judgment discovery and collection in the event execution on the judgment is necessary;

7.  Pre-judgment and post-judgment interest at the highest rate allowed by law;

8.  Court costs; and

9.  Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

SHOWALTER LAW FIRM

By:       /s/ David W. Showalter
          David W. Showalter
          TBA# 18306500

1117 FM 359, Suite 200
Richmond, Texas 77406
(281) 341-5577
(281) 341-5572 (Facsimile)

ATTORNEY FOR PLAINTIFF
ADAN SANCHEZ

S:\2127.02\original complaint.wpd
08-19-10